177 So. 567

## BOOTHE v. STATE.
### 6 Div. 144.

Court of Appeals of Alabama.

Nov. 9, 1937.

Rehearing Stricken Dec. 7, 1937.

A. A. Carmichael, Atty. Gen., for the State.

BRICKEN, Presiding Judge.

The jury who tried this case rendered a general verdict of guilty against this appellant. The indictment contained two counts, and in the first count charged him with the offense of grand larceny, in that, he feloniously took and carried away two cows (describing them) of about the value of $60, the personal property of John Rogers. The second count charged that he did buy, receive, conceal, or aid in concealing the said cows (describing them) knowing that they were stolen and not having the intent to restore them to the owner, etc.

The corpus delicti was proven without dispute. John Rogers, the alleged injured party, testified that about two months before the trial was had the two cows in question were taken from the pasture near his home in Tuscaloosa county. That a few days thereafter he found one of the stolen cows in possession of Mr. Hoyt Bonds in Greensboro, Ala. Witness Hoyt Bonds testified that he bought the cow found in his possession from this defendant, Ed Boothe, and paid him $15 for it at about 11:00 o'clock at night in the city of Tuscaloosa, Ala., and at the time of the purchase a man by the name of Amon Levens was with this defendant, and that these two men had two cows in their possession in a truck. The other alleged stolen cow was found in possession of a Mr. Homer Cash in the city of Columbus, Miss. Cash testified he bought this cow from Amon Levens. It may here be stated that Amon Levens was an admitted accomplice in the commission of the larceny complained of and that the record disclosed he interposed a plea of guilty when arraigned upon the indictment which charged him also with the larceny of the two cows in question.

Amon Levens was examined as a witness for the State in this case, and he testified as follows:

"My name is Amon Levens. My home is in Pickens County at Ethelville. I know the Defendant, Ed Boothe. I am a brother-in-law to him. Back during the latter part of August of this year, in company with Mr. Ed Boothe, went down in the lower end of Tuscaloosa County and got some cows. I don't know particularly where it was,—it was out from Moundville. Ed Boothe was with me in the truck. We went from Tuscaloosa to get these cows. I don't know the time of day. It was after dark. We got them from a pen built inside a pasture. * * *

"We just went and got them. We loaded them by backing up to a bank. There were two cows; a black muley one and a yellow one with horns. She was cream color. We brought them up here and sold one of them to Mr. Hoyt Bonds. Ed Boothe sold it. I carried the other cow to Columbus and sold it to Mr. Cash. I sold that one. Ed Boothe was with me and Willie Randolph, a colored boy."

The above witness (Levens) being admittedly an accomplice, the trial court correctly and consistently ruled, as required by statute (section 5635, Code 1923), that a conviction in this case could not be had on the testimony of an accomplice, unless corroborated by other evidence tending to connect the defendant with the commission of the offense with

which he was charged. We find upon investigation there was ample evidence adduced to corroborate the accomplice, and hence the State met the necessary burden of proof in this connection. Several witnesses, other than the accomplice, testified to facts sufficient to make out the State's case. The defendant testified in his own behalf and strenuously denied all connection with the larceny of the cows, and offered the testimony of some witnesses tending to support his alibi. This conflict in the evidence presented a jury question, therefore there was no error in refusing to defendant the general affirmative charge which was requested in writing.

Pending the trial numerous exceptions to the court's rulings upon the admission of testimony were reserved. We have carefully examined each of the rulings complained of and are of the opinion no error prevailed in any of them. To the contrary, the rulings of the court throughout were fair and impartial, and in no instance were the substantial rights of the accused injuriously affected.

Several special written charges were refused to the defendant. We find upon examination that such of the refused charges as properly stated the law were fairly and substantially covered by the oral charge of the court, and by the numerous given charges requested by defendant.

No motion for a new trial was made.

No other questions are presented for our consideration upon this appeal. Finding no error apparent on the record, and no reversible error in any of the court's rulings, it follows that the judgment of conviction from which this appeal was taken must be, and is, affirmed.

Affirmed.